UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. NEKEYUA RICHARDSON, et al.,

                 Plaintiffs,

                                        Case No. 23-10560

v.                                      Honorable Linda V. Parker

HOME DEPOT INC.,

                 Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

On January 27, 2023, Dr. Nekeyua Richardson and Christopher Westphal (collectively "Plaintiffs") brought state law claims of (1) defamation; (2) false light; (3) intentional infliction of emotional distress; and (4) gross negligence in Oakland County Circuit Court in response to the publication of news stories which showed their images in connection with an allegation of credit card fraud.  (ECF No. 1)  Plaintiffs also sought injunctive relief.[1]  (*Id.*)  Home Depot U.S.A., Inc. ("Home Depot") subsequently filed a notice of removal on March 9, 2023.  (*Id.*)

---

[1] "Injunctive relief" is not a substantive legal claim, rather it is a remedy which can be granted if the plaintiff prevails on a separate cause of action.  *See Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013); *Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. Ct. App. 2008).

Presently before the Court is Defendant's motion for summary judgment. The motion is fully briefed.  (ECF Nos. 11, 13, 14)  Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Local Rule 7.1(f).  For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' Motion to Amend Complaint is **DENIED**.

## I.      Factual and Procedural History

The parties do not dispute the essential factual bases of the claims at issue. (ECF Nos. 11, 13, 14)  On November 2, 2022, Madalasa Saha ("Saha") went to a Home Depot store located at 545 South Telegraph Road, in Pontiac, Michigan (the "store") to dispute a charge on her credit card.  (ECF No. 13 at PageID.236)  While Saha was at the store, an unidentified Home Depot employee noticed a second transaction which appeared to have been made by Saha's credit card.  (*Id.*)  The employee believed the transaction was made on Saha's card because the portion of the credit card number visible to the employee was identical to Saha's.  (*Id.*)

To protect their customers, Home Depot employees can only access the first four and last four digits of customer credit cards.  (*Id.* at PageID.155; 239) Additionally, Home Depot can only identify a cardholder associated with a transaction if it has the cardholder's username, full phone number, or email address associated with the account.  (*Id.* at PageID.155; 235)

The employee asked Saha if she recognized the purchase, and she did not. (ECF No. 13 at PageID.155; 236)  The employee then showed Saha a portion of the store's surveillance footage depicting the purchase and Saha did not recognize the individuals in the video.  (*Id.*)  In actuality, the video depicted Plaintiffs Richardson and Westphal making a purchase with Rosie Richardson's ("Rosie") credit card.  (*Id.* at PageID.157; 238)  Because the first seven and last four digits of Rosie and Saha's credit cards are identical, it appeared to the Home Depot employee as though the charge was made on Saha's card.  (*Id.* at PageID.239)

Saha then went to the Pontiac Police Station where she reported the transaction.  (ECF No. 13 at PageID.156; 236)  As part of the investigation into potential credit card fraud, Sergeant Michael Miller went to the store where he took photographs of the surveillance footage which were used to create an inter-departmental flyer to send to other police departments.  (*Id.*)  An unidentified officer in Media Relations then provided the flyer to appropriate news outlets seeking tips related to the alleged credit card fraud.  (*Id.* at PageID.157; 244)  No one from Home Depot communicated with any media outlets regarding the Plaintiffs or the police investigation.  (*Id.*)

The day the news stories were released, Rosie went to the Pontiac Police Department and informed them that the video showed Richardson and Westphal using her credit card with her permission.  (*Id.*)  That same day, Sergeant Miller

told Media Relations to take down the new stories featuring the images of Richardson and Westphal.  (*Id.*)  However, news stories featuring the Plaintiffs' images and the allegation of credit card theft are still accessible on the internet. (ECF No. 13 at PageID.159; ECF No. 14 at PageID.278)  Plaintiffs allege they suffered severe emotional distress because of the incident and both Plaintiffs sought medical treatment as a result.  (*Id.*)  Plaintiffs attempted to convince the media to retract the stories, but they have been unsuccessful.  (*Id.*)

## II.    Legal Standard

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, "[t]he party opposing the motion must show that 'there is a genuine issue for trial' by pointing to evidence on which 'a reasonable jury could return a verdict' for that party." *Smith v. City of Toledo*, 13 F.4th 508, 514 (6th Cir. 2021) (quoting *Liberty Lobby*, 477 U.S. at 248).  The non-movant's

evidence generally must be accepted as true and "all justifiable inferences" must be drawn in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

### III.   Preliminary Matters

#### a.  Waiver

As an initial matter, Plaintiffs have failed to substantively respond to many of the arguments raised in Home Depot's motion for summary judgment. These arguments include that: (1) the alleged statement to Saha was subject to a qualified privilege (ECF No. 11 at PageID.93); (2) Plaintiffs failed to show publication as required for a false light claim (*Id.* at PageID.95-98); (3) Plaintiffs failed to present any evidence in support of a finding of the negligence element of defamation (*Id.* at Page.ID 98); and (4) Home Depot did not engage in extreme and outrageous conduct (*Id.* at Page.ID 101). The Sixth Circuit is clear that "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (collecting cases); *Hua v. Home Depot U.S.A.*, Inc., 452 F. Supp. 3d 698, 704 (E.D. Mich. 2020) (Hood, J.). Moreover, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citation omitted).

The Court will summarize Plaintiffs' response to each of Home Depot's arguments in turn. First, while Plaintiffs acknowledge that they cannot rely on statements made by Saha to the Police in support of its defamation claim, without explanation, the Plaintiffs' complete argument in response to Home Depot's asserted privilege for statements made by Saha is that Home Depot "made defamatory statements to Saha, a third party, that were not privileged." (ECF No. 13 at PageId.162) The Plaintiffs cite no authority and provide no clarification in support of this statement.

Second, in response to the publication argument, the Plaintiffs' complete response is that publication of the "Plaintiffs' likeness/photo to Saha" is sufficient to support a false light claim. (*Id.* at PageId.163) Plaintiffs also cite no authority in support of this argument. Furthermore, Plaintiffs acknowledge that for a false light claim, publication must be made "to the public in general, or to a large number of people" yet fail to allege any facts which would constitute such a publication by Home Depot. (*Id.* at PageId.163)

Third, the Plaintiffs do not address Home Depot's argument that the negligence element of defamation is not satisfied.

Finally, Plaintiffs' entire response to Home Depot's intentional infliction of emotional distress argument is that "falsely accusing Plaintiffs of fraud and broadcasting same to Saha causing her to make a police report" combined with

Home Depot's alleged negligence in investigating the alleged fraud constituted extreme and outrageous conduct.  (*Id.* at PageId.164)   Again, the Plaintiffs cite no authority for this proposition and provide no clarification.

Plaintiffs' arguments are underdeveloped, which leaves it to the Court to put flesh on the bones of their claims, which it cannot do. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (quoting *Kelsey*, 125 F.3d at 995–96.) ("It is insufficient 'for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.' ").  As a result, the Court has grounds to dismiss Counts I (defamation), II (false light) and III (intentional infliction of emotional distress) as waived.  However, for the sake of completeness and in the interest of justice, the Court will address the substance of the claims below.  *See infra* Section IV.

### b.  Gross Negligence (Count IV)

Home Depot argues that Plaintiffs' claim for common-law gross negligence (Count IV) is barred under Michigan law.  (ECF No. 11 at PageID.100)  Plaintiffs agree that the gross negligence claim fails as a matter of law but seek to amend their complaint to bring a claim of negligence.  *See infra* Section III(c). Consequently, the Court grants Defendant's motion for summary judgment on the gross negligence claim (Count IV).

### c.  Motion to Amend Complaint

Plaintiffs seek to amend their complaint to plead their defamation claim with specificity by identifying Home Depot's disclosure to Saha and substitute their gross negligence claim for one of negligence.  (ECF No. 13 at PageID.150, 162, 164)  In response, Home Depot argues that the motion is improper under governing case law and that it would be prejudiced by an amendment at this time.  (ECF No. 14 at PageID.279)

Plaintiffs' request for leave to amend the Complaint, made only in their response to Home Depot's motion, is improper.  Eastern District of Michigan Local Rule 7.1(i) provides that motions may not be combined with any other stand-alone document.  In other words, Plaintiffs are precluded from combining their response to Home Depot's motion and their request to amend.

Additionally, a plaintiff cannot generally raise a new claim in response to a motion for summary judgment.  *See Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784 (6th Cir. 2005).  Plaintiffs seek to add the statements made to Saha to their complaint because claims for defamation "must be pleaded with specificity." *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 495 N.W.2d 392, 394 (Mich. App. 1992).  Claims for false light further require plaintiffs to identify who disseminated the information, when the disclosure was made, and how it placed the plaintiff in a false light. *Puetz v. Spectrum Health Hosps.*, 919 N.W.2d 439, 449 (2018).

Plaintiffs' original complaint fails to meet these standards as it merely alleges that Home Depot "released surveillance photos…to local media[,]" a claim which has no evidentiary support.  (ECF No. 1-1 at PageID.18)  As the complaint does not identify the disclosure to Saha, it fails to identify any statement on which to ground Plaintiffs' claims.  As a result, amendment to incorporate the disclosure to Saha in response to a summary judgment motion would be, de facto, a new claim and is thus improper.

The Court will overlook Plaintiffs' procedural error for efficiency purposes, as doing so will serve to advance this action and Home Depot explicitly addressed the proposed amendments in both its motion for summary judgment and its reply.  (ECF Nos. 11, 14)   While leave to amend is to be freely granted absent undue delay, bad faith, or dilatory motive, leave may be denied "where an amendment would be futile."  *McNees v. Cedar Springs Stamping Co.*, 457 N.W.2d 68, 69 (Mich. App. 1990).  An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face. *Formall, Inc. v. Community Nat'l Bank of Pontiac*, 421 N.W.2d 289, 294 (Mich. App. 1988).

As discussed below, Plaintiffs' defamation claim is legally insufficient on its face even considering the alleged statements made to Saha which the Plaintiffs seek to plead by amendment.  *See infra* Section IV(a).  As such, the amendment would be futile.  Furthermore, the amendment is dilatory as the Plaintiffs have

been aware of the factual basis of the amendment since at least August 1, 2023, when the deposition of Sargent Miller was taken.  (ECF No. 13-5)  The Plaintiffs fail to explain their delay in bringing this proposed amendment over a year later and only in response to a motion for summary judgment.

The second grounds for amendment, to add a claim for negligence, is also dilatory.  Plaintiffs provide no explanation for their failure to raise a negligence claim in their original complaint which was filed over a year and a half ago.  (ECF No. 1)  Deadlines for discovery and filing dispositive motions in this case passed almost a year ago.  (ECF No. 7)  Plaintiffs have had ample time to properly file a motion to amend the complaint and have failed to do so.  Allowing Plaintiffs' requested amendment would cause Home Depot prejudice in having to reopen discovery and prepare a second summary judgment motion.

Consequently, the Court denies Plaintiffs' motion to amend.

## IV.   Applicable Law and Substantive Analysis

A federal court sitting in diversity applies the substantive law of the state in which it sits.  *See Equitable Life Assur. Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998).  As such, the Court applies the substantive law of Michigan to the Plaintiffs' state law claims in this diversity action.

### a.  Defamation Per Se (Count I)

In Michigan, the elements of a defamation claim are as follows: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010); *Cetera v. Mileto*, No. 356868, 2022 WL 3006778, at *3 (Mich. Ct. App. July 28, 2022).

Home Depot raises two arguments in response to the defamation claim. First, that Plaintiffs' complaint fails to adequately plead defamation with specificity. Second, that all allegedly defamatory statements are privileged. Plaintiffs allege two defamatory statements made by Home Depot: (1) disclosure of the surveillance footage to Sergeant Miller and (2) disclosure of the surveillance footage to Saha. As noted, Plaintiffs concede that statements made to the police by Home Depot to Sergeant Miller are subject to a qualified privilege as a statement made to law enforcement. (ECF No. 13 at PageID.162) As the disclosure of the footage to Sergeant Miller is privileged, it cannot form the basis of a defamation claim.

Regarding the statement to Saha, which is only addressed in order to establish that Plaintiffs' motion to amend would be futile, Home Depot argues that

the statement is also subject to a qualified privilege.  (ECF No. 11 at PageID.93)

As previously discussed, Plaintiffs' entire response is that "statements made to a

third party are not privileged" but cite no authority for this proposition.  (ECF No.

13 at PageID.163)

Michigan courts have held that in defamation cases, a qualified privilege

exists where there is "(1) good faith, (2) an interest to be upheld, (3) a statement

limited in its scope to this purpose, (4) a proper occasion, and (5) publication in a

proper manner and to proper parties only."  *Prysak v. R.L. Polk Co.*, 483 N.W.2d

629, 636 (Mich. App. 1992).  Generally, "a qualified privilege is recognized where

the public interest in activities which presuppose frank communication on certain

matters between persons standing in particular relationships to each other

outweighs the damage to individuals of good faith but defamatory utterances

relevant to the interests of those involved."  *Merritt v. Detroit Mem'l Hosp.*, 265

N.W.2d 124, 126 (Mich. App. 1978).  A qualified privilege "embraces not only

legal duties but also moral and social obligations."  *Rosenboom v. Vanek*, 451

N.W.2d 520, 522 (Mich. App. 1989).  The privilege does "not exist for the

personal benefit of the defendant, but serves to abrogate the rights of the plaintiff

only where silence could lead to public harm."  *360 Const. Co. v. Atsalis Bros.

Painting Co.*, 915 F. Supp. 2d 883, 895 (E.D. Mich. 2012).

The "question of whether a privilege exists is a question of law for the court." *Bowles v. Macomb Cmty. Coll.*, 558 F. Supp. 3d 539, 553 (E.D. Mich. 2021) (citing *Prysak*, 483 N.W.2d at 636).  Where "no dispute exists as to the circumstances surrounding the publication, the Court must determine whether privilege justified it." *Harrison v. Arrow Metal Prod. Corp.*, 174 N.W.2d 875, 885 (Mich. App. 1969).  If a defendant's statements are subject to a qualified privilege, "then before a plaintiff may recover he must prove both that the statement was untrue and that it was made with actual malice." *Id.* at 886.  Furthermore, in the context of summary judgment, "[g]eneral allegations of malice are insufficient to establish a genuine issue of material fact." *Prysak*, 483 N.W.2d at 636.

Home Depot argues that "protecting against fraudulent Home Depot purchases" is a sufficient interest to support a qualified privilege and that the statements to Saha were made in furtherance of this interest.  (ECF No. 11 at PageID.94)  Plaintiffs' argument in response is that "all the statements made by Home Depot are not privileged."  (ECF No. 13 at PageID162)

The Court agrees that the interest alleged is legally sufficient to establish a qualified privilege.  Home Depot and Saha shared an interest in protecting themselves from credit card fraud, Home Depot as the vendor and Saha as the cardholder.  This privilege justified a limited disclosure of the potential fraud to Saha, solely for the purpose of preventing fraud.

Furthermore, the disclosure also meets the remaining elements for qualified privilege.  First, it was limited in scope as it only contained the information Saha would need to protect herself from fraud.  Second, the disclosure was made on a proper occasion as the matching credit card numbers provided sufficient basis to conclude there was cause to warn Saha of potential fraud.  Finally, the disclosure was made to the proper party as the security footage was only shown to Saha, whose credit card numbers matched those visible to the Home Depot employee. Saha was the appropriate party for disclosure as she could both confirm the charge was made on her card and prevent further fraud by canceling her card.

Unlike insurance fraud and forgery addressed in *Marks One Car Rental, Inc.*, where the court found that "customers may not be the proper parties to whom the statements should have been made" the cardholder is the appropriate party to inform in the case of credit card fraud as she can take immediate action to cancel her card.  *Marks One Car Rental, Inc. v. Auto Club Grp. Ins. Co.*, 55 F. Supp. 3d 977, 988 (E.D. Mich. 2014).

Plaintiffs have presented no evidence that the disclosure was made with malice and thus have failed to overcome the qualified privilege.  The Plaintiffs have also failed to provided evidence of an unprivileged statement which can support a claim for defamation.  As such, no reasonable jury could find in the

Plaintiffs favor on the defamation claim.  Consequently, the Court grants

Defendant's motion for summary judgment on the defamation claim (Count I).

### b.  False Light (Count II)

Home Depot argues that the false light claim must fail as the Plaintiffs failed

to satisfy the publicity and malice requirements.  (ECF No. 14 at Page.ID281)  In

response to the publicity argument, Plaintiffs argue that Home Depot sufficiently

publicized the information when it "caused customer Saha to make a police report

based upon erroneous information supplied by Defendant.  Further when

Defendant took the added step of publishing Plaintiffs' likeness/photo to Saha."

(ECF No. 13 at PageID.163)  Plaintiffs failed to respond to the malice argument or

present any evidence of malice.  (ECF No. 13)

Under Michigan law, to bring a claim for false-light invasion of privacy, a

plaintiff must prove publicity by showing that "the defendant broadcast to the

public in general, or to a large number of people, information that was

unreasonable and highly objectionable by attributing to the plaintiff characteristics,

conduct, or beliefs that were false and placed the plaintiff in a false position"

*Puetz* 919 N.W.2d at 449 (quoting *Duran v. Detroit News*, Inc., 504 N.W.2d 715,

721 (Mich. App. 1993)). Summary judgment "is appropriate when the

communication is only published to a small or specific group of individuals."

*Puetz*, 919 N.W.2d at 449.  In addition, the plaintiff must establish that the

defendant acted with malice by showing that "when the defendant disseminated the information, it was done with actual knowledge or reckless disregard of the truth or falsity of the publicized matter." *Id.* at 451.

Viewing the facts of this case in the light most favorable to the Plaintiffs, no reasonable jury could find that the publicity requirement was met in this case. Home Depot only disclosed the information to Saha and the police upon request due to evidence of fraud.  Plaintiffs cite no authority in support of their argument that publication to only one individual constitutes publicity for the purpose of a false light claim and allege no facts which would support a finding that Home Depot published the information to a large number of people.  Accordingly, the Court grants Defendant's motion for summary judgment on the false light claim (Count II).

### c.  Intentional Infliction of Emotional Distress (Count III)

Home Depot argues that the intentional infliction of emotional distress claim must fail as Plaintiffs failed to show the required extreme and outrageous conduct. (ECF No. 11)  In response, the Plaintiffs merely state that "falsely accusing Plaintiffs of fraud and broadcasting same to Saha causing her to make a police report" combined with Home Depot's alleged negligence in investigating the potential fraud constituted extreme and outrageous conduct. (ECF No. 13)

In Michigan "[t]o establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Lucas v. Awaad*, 830 N.W.2d 141, 150 (Mich. App. 2013) (quoting *Dalley v. Dykema Gossett PLLC*, 788 N.W.2d 679 (Mich. App. 2010)).  The standard for intentional infliction of emotional distress is high and the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roberts v. Auto–Owners Ins. Co.*, 374 N.W.2d 905, 908–09 (Mich. 1985).  In reviewing an intentional infliction of emotional distress claim, "it is initially for the court to determine whether the defendant's conduct reasonably may be regarded as so extreme and outrageous as to permit recovery." *Doe v. Mills*, 536 N.W.2d 824 (Mich. App. 1995).

In support of its argument, Home Depot cites *Handlon*, in which the Sixth Circuit found that activity including "performing a theft investigation" and "reporting suspected theft to the police," did not constitute extreme and outrageous conduct. *Handlon v. Rite Aid Servs.*, LLC, 513 F. App'x 523, 531 (6th Cir. 2013). Although the investigation performed in *Handlon* was more extensive than in the instant case, Home Depot's actions in this case are sufficiently analogous.  As in

*Hanlon*, the disclosure was only made to Saha to investigate a potential crime.  No reasonable jury could find the disclosure of a potentially fraudulent credit card transaction under these circumstances to be extreme and outrageous.

For these reasons, even drawing all inferences from the evidence in the light most favorable to Plaintiff, the Court finds that no jury could reasonably find that Home Depot's conduct was extreme and outrageous.  Therefore, the Court grants Defendant's motion for summary judgment on the intentional infliction of emotional distress claim (Count III).

## V.   Conclusion

The Court finds that the Plaintiffs have failed to present sufficient evidence such that a reasonable jury could find in their favor on any claim. Furthermore, the Plaintiffs' motion to amend complaint is brought improperly but is nevertheless considered on the merits and denied.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 11) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend complaint (ECF No. 13) is **DENIED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 23, 2024